NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 16 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VILMA LETICIA SANTOS DIAZ, | No. 15-73452 |
| Petitioner, | |
| v. | Agency No. A200-824-042 |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2018[**]

Before: CANBY, W. FLETCHER, and CALLAHAN, Circuit Judges.

Vilma Leticia Santos Diaz, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's decision denying her application for withholding of

removal, relief under the Convention Against Torture ("CAT"), and administrative

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

closure. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny in part and grant in the petition for review.

In her opening brief, Santos Diaz fails to challenge the agency's dispositive determination that she failed to establish changed or extraordinary circumstances to excuse her untimely asylum application. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned."). Thus, her asylum claim fails.

Substantial evidence supports the agency's denial of CAT relief because Santos Diaz failed to show it is more likely than not that she would be tortured by or with the consent or acquiescence of the government of Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

Santos Diaz points to no error in the agency's denial of administrative closure.

We reject Santos Diaz's contention that the BIA violated due process by failing to rule on her "motion to remand" as raised in her appeal brief to the BIA. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

As to Santos Diaz's withholding of removal claim, this court's decision in *Barajas-Romero v. Lynch*, 846 F.3d 351 (9th Cir. 2017), came down after the BIA's decision. Thus, we grant the petition for review as to withholding of removal, and remand this claim to the BIA to determine the impact, if any, of this decision. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; and REMANDED.**